BENTON & a., *Adm'rs, v.* COLLINS & a.

A demurrer to a declaration in common form is not well taken, in a writ of entry brought by an administrator.

WRIT OF ENTRY. The defendants' demurrer to the declaration in the common form was overruled, subject to their exception.

*Drew, Jordan & Buckley* and *Edmund Sullivan*, for the plaintiffs.

*Ladd & Fletcher*, for the defendants.

WALLACE, J. The declaration alleges seizin in the plaintiffs as administrators of the estate of the deceased, and disseizin by the defendants. These facts are admitted by the demurrer. If the plaintiffs are entitled to judgment upon any state of facts provable under it, the demurrer must be overruled. *Nashua Iron & Steel Co.* v. *Railroad*, 62 N. H. 159, 161. An administrator can maintain a writ of entry to foreclose a mortgage (*Bickford* v. *Daniels*, 2 N. H. 71), and, if the estate is insolvent, to recover the possession of lands belonging to the estate. P. S., *c.* 191, *s.* 15; *Goodwin* v. *Milton*, 25 N. H. 458, 473, 474; *Bergin* v. *McFarland*, 26 N. H. 533, 536, 537; *Lane* v. *Thompson*, 43 N. H. 320, 325, 327, 328; *Carter* v. *Jackson*, 56 N. H. 364, 373, 374.

In each case a declaration in common form is sufficient. *Bickford* v. *Daniels*, 2 N. H. 71; *Briggs* v. *Sholes*, 14 N. H. 262; *McDaniel* v. *Cater*, 21 N. H. 227, 229; *Aiken* v. *Gale*, 37 N. H. 501, 507.

If the action is not brought to foreclose a mortgage, the averment that the plaintiffs were seized of the land in question in their capacity as administrators is in legal effect an allegation that the estate is insolvent, or administered as such, and, to entitle them to recover, it must be proved.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.